UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK HENDEN,

   Petitioner,

v.

                                   CASE NO. 2:17-CV-11562
                                   HONORABLE GERSHWIN A. DRAIN
                                   UNITED STATES DISTRICT COURT

WILLIE SMITH,

   Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Kirk Henden, ("Petitioner"), incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for unarmed robbery, MICH. COMP. LAWS § 750.530. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

**I. Background**

Petitioner pleaded guilty in the Wayne County Circuit Court and was sentenced to two to fifteen years in prison.

Petitioner seeks habeas relief on the following grounds:

I. Subject-matter jurisdiction; Enacting Clause.

II. Subject-matter jurisdiction; Title.

## II. Discussion

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also "authorized to dismiss any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary "when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state." *Id.*

After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner argues that the Wayne County Circuit Court lacked subject matter jurisdiction over his case because the unarmed robbery statute that he was convicted of lacked an Enacting Clause or title, as required by Article IV, §§ 23 and 24 of the Michigan Constitution.

The determination of whether a state court is vested with jurisdiction under state law over

2

a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Daniel v. McQuiggin,* 678 F.Supp. 2d 547, 553 (E.D. Mich. 2009). The Sixth Circuit has noted that "a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x. 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 2d 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 F. App'x. 259, 266 (6th Cir. 2001) ("In this case, [petitioner's] claim for habeas relief would be contingent upon our interpretation of an alleged violation of Michigan law...Consequently, the district court correctly concluded that it had no authority on habeas review to review the Michigan Court of Appeals's decision on this issue.").

Petitioner's related allegation that the Michigan Legislature violated Article IV of the Michigan Constitution in enacting the unarmed robbery statute is not cognizable on habeas review because it raises an issue of state law. State officials are not required to follow their own procedural statutes and rules as a matter of federal due process. *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994)(en banc); *see also Coleman v. Martin,* 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005). In addition, a habeas petitioner is not entitled to habeas relief based upon an alleged violation of the Michigan Constitution. *See Hudson v. Berghuis,* 174 F. App'x. 948, 952, n.1 (6th Cir. 2006)*; see also Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner is not entitled to federal habeas relief on his claim that Michigan's unarmed robbery statute was improperly enacted or lacked a title in violation of Article IV of Michigan's Constitution, because his claims implicate only

an alleged error of state law. *See Samel v. Jabe,* 918 F. 2d 958 (Table); No. 1990 WL 179686, *1 (6th Cir. Nov. 19, 1990); *see also Taylor v. Lecureux*, 54 F.3d 777 (Table); No. 1995 WL 290271, *3 (6th Cir. May 11, 1995) (holding that petitioner's "claim that Michigan's laws regarding criminal sexual conduct were adopted contrary to the Michigan Constitution is not cognizable in federal habeas review as it merely presents an issue of state law.").

### III. Conclusion

The Court summarily denies the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is

**SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

                                        /s/Gershwin A Drain
                                        **HON. GERSHWIN A. DRAIN**
**Dated:** July 24, 2017                    UNITED STATES DISTRICT JUDGE